# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

James W. Wirtz, III,
    Petitioner,

    vs.
                      Case No. 1:07cv1000
                      (Barrett, J.; Hogan, M.J.)

Warden, Ross Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

    Petitioner, an inmate in state custody at the Ross Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court for ruling on respondent's motion to dismiss filed May 19, 2008. (Doc. 10).[1]

## Background

    In this action, petitioner challenges the sentences imposed by the Butler County, Ohio, Court of Common Pleas in January 2003 upon his entry of guilty pleas to certain charges in Case Nos. CR02-08-1337 and CR02-10-1706. Specifically, in Case No. CR02-10-1706, petitioner entered a guilty plea to one count of aggravated

---

[1]Petitioner filed a response in opposition to the motion to dismiss on May 30, 2008. However, the response has been ordered stricken from the record by Order issued this date based on petitioner's failure to show proof that his response was served on respondent in accordance with a show cause Order issued June 2, 2008.

burglary with firearm specification; he was sentenced on January 6, 2003 to a seven (7) year prison term for the aggravated burglary offense and an additional, consecutive one (1) year prison term for the firearm specification. (Doc. 10, Exs. 5-6). In Case No. CR02-08-1337, petitioner entered guilty pleas to three counts of burglary, one count of grand theft and one count of theft; he was sentenced on January 8, 2003 to concurrent prison terms totaling seven (7) years with the sentence to run consecutively to the sentence imposed in Case No. CR02-10-1706. (*Id.*, Exs. 3-4).

Petitioner apparently did not appeal his convictions or sentences, and indeed, did not take any action to challenge his sentences until over three and one-half years later, when he filed a *pro se* petition for post-conviction relief with the Butler County Common Pleas Court on August 25, 2006 requesting that he be re-sentenced to concurrent terms of imprisonment in light of the Ohio Supreme Court's decision in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006). (*Id.,* Ex. 7).

The judges in each of the criminal cases issued separate decisions in September 2006 denying post-conviction relief on the ground that the petition was not timely filed within 180 days after the expiration of time for filing a direct appeal from the judgment of conviction, as set forth in Ohio Rev. Code § 2953.21(A)(2). (*Id.,* Exs. 9, 10). In so ruling, both judges refused to find that *Foster* constituted an exception to the 180-day filing requirement under Ohio Rev. Code § 2953.23(A)(1). (*Id.*).

Petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District, which affirmed the trial court's judgment on May 29, 2007. (*Id.,* Ex. 14). Petitioner next timely sought leave to appeal to the Ohio Supreme Court. (*Id.,* Ex. 15). On October 24, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 16).

The instant federal habeas corpus petition was "received" for filing on December 11, 2007.[2] (Doc. 3). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172

---

[2]The petition was officially "filed" on January 18, 2008, when it was determined that petitioner had paid the filing fee necessary to institute the action. (*See* Doc. 2).

F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Absent evidence to the contrary, it appears the petition was delivered to prison authorities for mailing and thus "filed" in December 2007.

In the petition, petitioner presents the following claim as the sole ground for relief:

> Defendant is a first time offender. A jury did not find the facts to warrant this sentence. The judge has no authority to give this sentence. The punishment was greater than the law annexed to the crime.

(Doc. 3, p. 6). In a brief attached to the petition, petitioner argues that under *Foster,* the trial court "improperly imposed consecutive terms of incarceration in violation of the Sixth Amendment," but that contrary to the remedy utilized in that case to cure the constitutional infirmities in Ohio's sentencing statutes, petitioner "must be sentenced under the presumptions in existence at the time his offenses were committed," which translates to concurrent minimum prison terms. (*See id.,* "Brief of Appellant").

In response to the petition, respondent has filed a motion to dismiss the petition on the ground that it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 10, pp. 1-11). Alternatively, respondent contends that petitioner's sole claim for relief is waived due to petitioner's procedural default in failing to file a timely post-conviction petition with the Butler County Common Pleas Court. (*Id.,* pp. 11-17).

## OPINION

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases

on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's claim for relief. Respondent argues that petitioner's claim accrued before petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review; therefore, it is respondent's position that the statute of limitations set forth in § 2244(d)(1)(A) applies, which began to run in February 2003 when the 30-day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's January 6 and 8, 2003 judgment entries. (Doc. 10, Brief, p. 11). In contrast, an argument can be made in petitioner's favor that the claim arose much later, after *Foster* was decided on February 27, 2006, and therefore either § 2244(d)(1)(C) or (D) applies to delay the commencement of the limitations period by nearly three years.[3]

First, the Court concludes that § 2244(d)(1)(D) does not govern petitioner's claim for relief. Petitioner does not contend that he was unaware at the time of sentencing that the trial court was imposing non-presumptive consecutive sentences after making certain findings required under Ohio's sentencing statutes. Therefore, the factual predicate underlying petitioner's claim was discoverable in the exercise of due diligence at the time petitioner was sentenced.

Second, for the limitations provision set forth in § 2244(d)(1)(C) to apply, it must be established that the legal basis for petitioner's claim was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review." In this case, petitioner essentially alleges that the non-minimum consecutive sentences that were imposed by the trial court in January 2003 are unconstitutional under the Supreme Court's decisions in *Blakely v. Washington,* 542

---

[3]It is noted that no facts have been alleged even remotely suggesting that the instant petition may be governed by 28 U.S.C. § 2244(d)(1)(B), which is applicable to cases involving an impediment to filing created by state action in violation of the Constitution or laws of the United States  Therefore, the undersigned concludes that § 2244(d)(1)(B) does not apply to the case-at-hand.

4

U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), particularly in light of the Ohio Supreme Court's *Foster* decision, wherein certain provisions of Ohio's sentencing statutes were held to be unconstitutional under *Blakely* and *Booker.*

Petitioner's convictions and sentences became "final" in early 2003, long before the Supreme Court decided *Blakely* on June 24, 2004, followed by *Booker* on January 12, 2005. It is well-settled in the Sixth Circuit that neither *Blakely* nor *Booker* may be applied retroactively to cases on collateral review, where as here the conviction previously had become final by the conclusion of direct review or expiration of time for seeking such review.[4] *See, e.g., Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir.), *cert. denied,* 126 S.Ct. 199 (2005); *Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter); *cf. Allen v. Moore,* 1:05cv731, 2007 WL 651248, at *4 & n.1 (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (unpublished) (noting that *Blakely* applied in case where the petitioner was sentenced pre-*Blakely*, but his direct appeal was still pending on the date *Blakely* was decided).[5]

In addition, petitioner cannot rely upon *Foster* to delay the limitations period under § 2244(d)(1)(C), because *Foster* was not decided by the United States Supreme Court. In any event, in *Foster,* the Ohio Supreme Court expressly stated that its decision extended only to cases still pending on direct review. *Foster,* 845 N.E.2d at 499. Because the appeal period expired in this case three years before *Foster* was

---

[4]Petitioner also cannot rely on the Supreme Court's earlier decision in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), which was the seminal case extended by the Supreme Court in *Blakely* and *Booker,* holding that the Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury, taken together, entitle a criminal defendant to a jury determination that the defendant is guilty beyond a reasonable doubt of any fact, other than the fact of a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum. As respondent points out in the motion to dismiss (Doc. 10, Brief, p. 9), *Apprendi,* which was decided in March 2000, did not announce a "newly recognized" constitutional right by the time petitioner was sentenced nearly three years later in January 2003.

[5]In *Allen, supra,* 2007 WL 651248, at *4 n.1., the court quoted as follows from the Supreme Court's decision in *Beard v. Banks,* 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen,* 510 U.S. 383, 390 (1994)): "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'"

decided, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to his case.

Accordingly, the Court concludes, as respondent has contended, that the claim alleged as the sole ground for relief in the instant petition is governed by the limitations provision set forth in § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.

In this case, the statute of limitations commenced running at the latest on February 8, 2003, one day after the 30-day period expired in which to file an appeal as of right to the Ohio Court of Appeals from the Butler County trial court's combined January 6 and 8, 2003 judgment entries. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). The statute expired one year later on February 8, 2004 unless statutory or equitable tolling principles apply to extend the limitations period.

During this one-year period, petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2).[6] The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D.

---

[6]*See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

Va. 1998); *Healy v. DiPaolo*, 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Here, petitioner did nothing to challenge his conviction or sentence in the state courts until he filed his state post-conviction petition in August 2006, over two and one-half years after the statute of limitations expired in February 2004. The post-conviction petition, therefore, could not serve to toll the limitations period under § 2244(d)(2).

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Before *Pace*, the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews*, 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id*.

In this case, petitioner is not entitled to equitable tolling. He has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court or that he is otherwise entitled to equitable tolling under *Dunlap*.

Accordingly, in sum, the Court concludes that the instant petition, deemed "filed" on December 11, 2007, is time-barred. Under § 2244(d)(1)(A), the statute of limitations commenced running on February 8, 2003 and expired on February 8, 2004; neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to extend the limitations period in this case.

It is, therefore, **RECOMMENDED** that respondent's motion to dismiss the petition as time-barred (Doc. 10) be **GRANTED**.[7]   *Cf. Savage v. Moore,* No. 1:06cv2963, 2008 WL 341349 (N.D. Ohio Feb. 5, 2008) (unpublished) (reaching same conclusion in analogous case); *Ratliff v. Jefferys,* No. 3:06cv1931, 2007 WL 4248173 (N.D. Ohio Nov. 30, 2007) (unpublished) (same); *Winters v. Warden, Noble Corr. Instit.,* No. 1:06cv428, 2007 WL 2733995 (S.D. Ohio Sept. 13, 2007) (Dlott, J.) (unpublished) (same); *Wilson v. Wolfe,* No. 1:06cv542, 2007 WL 2446582 (S.D. Ohio Aug. 23, 2007) (Beckwith, J.) (unpublished) (same).

## IT IS THEREFORE RECOMMENDED THAT:

1.   Respondent's motion to dismiss (Doc. 10) be **GRANTED,** and that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2.   A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice on procedural statute of limitations grounds, because under the applicable two-part

---

[7]It is noted that even assuming, *arguendo,* petitioner's claim for relief is subject to review on the merits, petitioner is not entitled to relief based on such claim.  As discussed above, *see supra* pp. 5-6, petitioner's sentence is not subject to constitutional challenge under *Blakely, Booker* or *Foster*, which were decided long after petitioner's conviction and sentence became final.  Nor is petitioner entitled to relief to the extent he contends that, as a prisoner sentenced prior to *Foster,* he could not obtain relief in Ohio on his claim that he was sentenced in violation of the Sixth Amendment.  Prior to *Blakely,* petitioner would not have been able to obtain relief based solely on *Apprendi,* which applied only to cases where the penalty was increased by the trial court beyond the prescribed statutory maximum for a crime.  Also, petitioner could not have obtained relief based on *Blakely* or *Booker*, because he was sentenced and his direct appeal concluded long before those cases were decided.

standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not "find it debatable whether this Court is correct in its procedural ruling" or whether the time-barred ground for relief states a "viable claim of the denial of a constitutional right" or is "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be not taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 7/2/08

cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\07-1000grantMTD.sol-blakely-booker-foster.wpd

9

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

James W. Wirtz, III,
    Petitioner,

                                   Case No. 1:07cv1000
            v.                          (Barrett, J.; Hogan, M.J.)

Warden, Ross Correctional
Institution,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus actio brought under 28 U.S.C. § 2254. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| James W. Wirtz III<br>439-202<br>Ross Corr. Institution<br>PO Box 7010<br>Chillicothe, OH 45601 | 7007 1490 0001 0562 6905 |

4b. Service Type
- ☐ Registered
- ☑ Certified
- ☐ Express Mail
- ☐ Insured
- ☐ Return Receipt for Merchandise
- ☐ COD

7. Date of Delivery

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

PS Form **3811**, December 1994       102595-97-B-0179    **Domestic Return Receipt**

1:07cv1000  Doc. 15